## THE ST. LOUIS BREWING ASSOCIATION
### v.
## MARGARET HAMILTON.

*Master and Servant—Negligence of Servant—Personal Injuries—Master's Liability.*

1. Negligence in a given case is a question of fact, to be determined by the jury.
2. In view of the evidence this court declines to interfere with a verdict for the plaintiff, in an action brought to recover from an employer for personal injuries, alleged to have been occasioned by its servant's negligence.

[Opinion filed October 27, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Mr. M. MILLARD, for appellant.

Messrs. ALEX. FLANNIGAN and L. H. HITE, for appellee.

GREEN, J. This action was brought by appellee to recover damages for injuries received by a collision with defendant's team. It is averred the injuries were caused by the negligence of defendant's servant in driving the team. The jury found defendant guilty and assessed plaintiff's damages at $300. Judgment was entered on the verdict for plaintiff,

and defendant appealed. The only reason assigned for reversal is that plaintiff, by her own negligence, in attempting to cross the street without looking in the direction from which defendant's team was approaching her, brought about the collision by running against the team, and hence was not entitled to recover.

Negligence is a question of fact to be determined by a jury, and in this case it was the province of the jury to determine, from the evidence, whether, under all the circumstances proven, defendant's servant was guilty of the negligence causing the injury as charged, and whether the plaintiff at the time exercised reasonable care and caution to protect herself from injury.

Upon these questions the evidence was conflicting, but there was enough to support the verdict if the jury believed the testimony of plaintiff and her witnesses. Plaintiff was about to cross a street down which defendant's team, attached to a beer wagon, was being driven at a rapid trot toward her. She did not see this team but heard a team and wagon evidently traveling very fast from the noise it made, coming behind her up the street she was on. She turned and looked toward it, to ascertain whether it would be driven to the right into the street she was about to cross and thus endanger her.

At this time she testifies she had gone about one-third of the way across when she was struck on the shoulder by a horse in defendant's team, was knocked down and injured. Plaintiff was corroborated in this statement by Miss Haley Matthew, a witness introduced on her behalf, who testified she saw the horse strike plaintiff, knock her down and pass over her foot; that plaintiff was coming along Division avenue, and a wagon behind her, the brewing wagon, was coming down Collinsville avenue very fast; she turned to see the wagon behind her, and just as she looked up the horse struck her and she fell; she was about one-third of the way over the crossing.

Defendant's driver testified he was driving in a trot, but pulled up and stopped the team just as plaintiff ran into the horse; that he and the man with him called out loudly to her

St. Louis Brewing Association v. Hamilton.

several times as the team was approaching her, and saw she was looking toward the other wagon, and away from defendant's team, and evidently did not hear the calls. Hanson, the man with him, testified to about the same facts, and that the team was going in a trot thirty feet away from plaintiff when they called to her, and saw her attention was directed to the other wagon. He testified also, in reply to the question why they didn't stop when they saw plaintiff's attention was attracted elsewhere, and that she did not notice them, "I didn't have the lines in my hands." It was also proven defendant's team was not fractious or unmanageable, and the driver could have stopped the horses before reaching plaintiff if he had desired to, and thus permitted her to cross in safety.

We think, under all the facts proven, the jury were justified in finding the plaintiff was in the exercise of reasonable care and caution when injured; she then had heard and seen the transfer wagon coming up behind her; she knew it might turn into the street she was about to cross, and unless she watched carefully, and guarded herself from the danger of collision with it, she might be injured. It was her right and duty to guard and protect herself from this known danger, and while doing so, and not knowing defendant's team was approaching her, and not apprehending danger from that direction, she was struck and injured. But the driver did know at the time, if she crossed the street she would be in danger of collision with the team he was driving, unless he stopped it before reaching her. He knew also her attention was directed to the other wagon, and that she did not see his approaching team, or hear his warning calls. Yet he did not stop his team, but drove on at a trot and (if plaintiff and Miss Matthew testified truthfully) struck and injured plaintiff as charged, and was guilty of gross negligence. We discover no good reason for reversing this judgment, and it is affirmed.

*Judgment affirmed.*